IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

MICHAEL RAY SIGMON,

        Plaintiff,

v.                                        CIVIL ACTION NO.   2:24-cv-00287

WILLIAM FREDERICK HUGHES, SR.,

        Defendant.

**MEMORANDUM OPINION AND ORDER**

This action was referred to the Honorable Dwane L. Tinsley for submission of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636. On March 8, 2025, Judge Tinsley submitted his Proposed Findings & Recommendation [ECF No. 8] (PF&R) recommending that the court **DENY** the plaintiff's Application to Proceed Without Prepayment of Fees and Costs [ECF No. 6] as moot, **DISMISS** this case, and **REMOVE** this matter from the court's docket. The plaintiff filed his objections [ECF No. 9]. Though plaintiff states he presents "objections", the litany of inappropriate rhetoric and broader critiques of parties not relevant to the case amounts to one cognizable objection.

A district court "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). In doing so, the court can "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id.* The

court need not, however, review the factual or legal conclusions of the Magistrate Judge to which no objections are made. *Thomas v. Arn*, 474 U.S. 140, 150 (1985). In reviewing those portions of the PF&R to which the petitioner has objected, this Court will consider the fact that the petitioner is acting *pro se* and will accord his pleadings liberal construction. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Loe v. Armistead*, 582 F.2d 1291, 1295 (4th Cir. 1978).

The PF&R submitted by Judge Tinsley gave notice to the parties that they had a total of seventeen days from the filing of the PF&R within which to file with the Clerk of this Court, specific written objections, identifying the portions of the PF&R to which objection is made, and the basis of such objection [ECF No. 8]. Despite this guidance, the plaintiff's "objections" fail to point the court to any series of specific objections or alleged errors. In employing a liberal construction, the only specificity that plaintiff provides is as follows:

"US District Court Magistrate Tinsley, you called me stupid. You said I was vague and made outrageous accusations, calling my claim frivolous, numerous times. You say I have an indisputable meritless theory as well. I never knew I had to plead the entire case at initial filing." [ECF No. 9, at 5].

Plaintiff goes on to emphasize that Judge Tinsley inappropriately applied the statute of limitations in support of his contention above. Plaintiff's objection stretches the bounds of what one would define as "specific". However, even if I am to interpret his objection as such, plaintiff's objection is not supported by case law, and as Judge

Tinsley states in his recommendation, is "devoid of any supporting factual allegations" [ECF No. 8].

Accordingly, the court **FINDS** that the complaint is frivolous and fails to state a claim upon which relief may be granted. The court accepts and incorporates herein the PF&R and orders judgment consistent therewith. The court **DENIES** the plaintiff's Application to Proceed Without Prepayment of Fees and Costs [ECF No. 6] as moot, **DISMISSES** this case, and **REMOVES** this matter from the court's docket. The plaintiff is admonished that further frivolous filings in this court may result in the court issuing a pre filing injunction.

The court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER:　　April 11, 2025

JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE